THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWIN SZYMCZAK, Appellant.—

Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.

WILLIAM E. HUMPHREY, as Administrator of the Estate of WILLIAM E. HUMPHREY, Deceased, Respondent, v. LEPHA BUSHNELL, Appellant.—

Memorandum: Plaintiff sues as administrator of the estate of William E. Humphrey upon the following instrument signed by the defendant Lepha Bushnell: "April 1949 Received of Wm. E. Humphrey $2,000 Two thousand dollars to be payed in Room and Board at the Rate of $10 00/100 per Week until all is paid Back Lepha Bushnell April 29/49" William E. Humphrey died on August 15, 1950. The court below awarded the plaintiff the sum of $2,000 less an allowance of $372 for the value of room and board furnished to the decedent for two nights per week from April 29, 1949, to August 15, 1950, with interest from May 3, 1951. Admittedly the defendant furnished room and board as requested by plaintiff's intestate to the time of his death. The effect of the judgment of the court below is to accelerate the rate of payment beyond the terms of the obligation undertaken by the appellant in the above-quoted written instrument. Furthermore, decedent's death terminated defendant's obligation (cf. *Lorillard* v. *Clyde,* 142 N. Y. 456, and *Fort* v. *Richey,* 128 Ill. 502) as the sole obligation of the defendant under the instrument was to provide room and board at the rate specified. There was no obligation to repay money in any other fashion. Payment by room and board was the only medium of payment specified. " The courts in determining the obligations of a contract should, when possible, apply the same measure as the parties have applied in performing their obligations " (*Atwater & Co.* v. *Panama R. R. Co.,* 255 N. Y. 496, 501). All concur. (Appeal from a judgment of Onondaga Equity Term for plaintiff in an action to recover money loaned.) Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.